THE PEOPLE OF THE STATE OF NEW YORK ex rel. CASPER C. CHILDS, Jr., Respondent, v. GEORGE W. CARTWRIGHT, President of the Village of Sing Sing, Appellant.

*Restriction as to creation of debts — Sing Sing — village charter — chap. 439 of 1859 — chap. 663 of 1870.*

Section 10 of title 7 of the charter of the village of Sing Sing (chap. 439 of 1859, as amended by chap. 663 of 1870), provides that the trustees shall have no power to contract any debt to an amount exceeding $10,000 in any one year. *Held*, that it was the duty of one rendering services to the village to ascertain: 1st. Whether the trustees were authorized to employ him. 2d. Whether the trustees had assumed obligations for that year which, with his claim, would exceed $10,000.

*Held*, further, that where at the time of contracting an indebtedness the amount of the liabilities incurred for that year did not exceed the sum mentioned in the statute, that a mandamus would issue to compel the payment of such debt out of moneys collected during the following year, although the whole amount authorized to be raised for the year in which the debt was incurred had already been expended.

Appeal from an order of the Special Term awarding a writ of peremptory mandamus. This application was made to secure the payment of the amount due to the relator, under a contract entered into with the board of trustees of the defendant during the year ending April 6, 1876. The defense was, that as all the moneys authorized by the charter to be raised for that year had been expended, payment of the relator's claim was forbidden by section 10 of title 7 of the charter (chap. 439 of 1859, as amended by chap. 663 of 1870), which reads as follows: "The board of trustees of the village of Sing Sing shall have no power to contract any debt or liability upon or against said village, or enter into any obligation, or appropriate moneys for said village to an amount exceeding the sum of $10,000 in any one year, unless a tax in addition to that amount shall have been authorized," etc.

*Williams & Silliman*, for the appellant.

*Samuel C. Watson*, for the respondent.

PRATT, J. :

At the hearing of this motion at Special Term, it appeared that the claim sought to be enforced had been duly presented to and audited and allowed by the board of trustees of the village of Sing Sing, and ordered to be paid in conformity with the village charter.

It further appeared, from the affidavits on the part of the relator, that the liability was legally incurred, and that there were funds in the treasury applicable to its payment.

The case, as then made, justified the issuing of a writ as prayed for, unless there was an issue of fact raised by the affidavit of the defendant.

The defendant's affidavit does not controvert any material fact asserted by the relator, but alleges that certain facts, which he claims to be established by his affidavits, constitute a defense to the application.

A careful examination of this affidavit discloses no statement that, at the time the relator was employed, the village had expended the amount it was entitled to expend under the charter for that year, nor that there were liabilities against the village to that amount, either at the time said services were rendered, or at any other time prior to the date of relator's affidavit upon this motion.

It must therefore be assumed that the employment of the relator was legal and proper, and he was entitled to be paid for his services.

But the defendant further claims that, notwithstanding the village could legally incur this liability, and that at the time the services were rendered the relator had a valid claim, yet the village having, as he claims, expended the amount of money authorized by the charter to be expended in any one year, the village is absolved from paying the relator's claim.

The conclusive answer to this proposition is, that the facts upon the record do not warrant the claim that the village had expended that amount; but assuming that it had, it is no defense to the action.

The restriction in the charter referred to by defendant (title 4, § 1, chap. 439 of 1859), is not that a debt incurred in one year shall not be paid out of moneys received in a subsequent year, but it is a limitation of power to incur liabilities, or raise money by tax, exceeding an amount stated.

Officers of municipal corporations are special agents, and every one

dealing with them is presumed to know the precise extent of their powers to bind the corporation they represent.

In this matter it was the duty of the relator, when applied to to render service, to ascertain: First, whether the trustees were authorized by the charter to employ him; second, whether the trustees had already made contracts or engagements with other persons for that year for an amount, so that, adding his claim, the aggregate would exceed the amount in the charter authorized to be raised for that year.

It being true that the trustees were authorized by the charter to contract with relator for such services, and that the trustees had not made contracts to the amount authorized, upon completing his contract, the relator was entitled to enforce a payment, and it was not within the power of any officer of the village to defeat this right. Order affirmed with costs and disbursements.

Present — PRATT and DYKMAN, JJ. BARNARD, P. J., not sitting.

Order affirmed, with costs and disbursements.